IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) ) ) No. 19-CV-5420 |
| Plaintiffs, | ) |
| v. | ) Magistrate Judge Jeffrey Cummings ) |
| GANDT BUILDERS, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Trustees of the Chicago Regional Council of Carpenters Pension Fund, Trustees of the Chicago Regional Council of Carpenters Welfare Fund, Trustees of the Chicago Regional Council of Carpenters Supplemental Retirement Fund and Trustees of the Chicago Regional Council of Carpenters Apprentice Training Fund (collectively, the "Funds") filed suit against defendants Gandt Builders, Inc. ("Gandt") and Jonathan Wiegandt to collect unpaid contributions, liquidated damages, unpaid union dues, interest, and attorney's fees and costs pursuant to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. §1145, the Labor Management Relations Act of 1947, 29 U.S.C. §185(a), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the terms of its collective bargaining and trust agreements. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). Plaintiffs moved for summary judgment against defendant Gandt (Dckt. #25) and the Court grants plaintiffs' motion in part and denies it in part for the reasons stated below.

1

## I. LEGAL STANDARD FOR CONSIDERATION OF SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of showing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004) (facts are material if they are outcome determinative). Evidence considered on a summary judgment motion "need not be admissible in form, but must be admissible in content, such that, for instance, affidavits may be considered if the substitution of oral testimony for the affidavit statements would make the evidence admissible at trial." *Wheatley v. Factory Card & Party Outlet,* 826 F.3d 412, 420 (7th Cir. 2016). Furthermore, courts do not weigh the evidence or resolve conflicts in the record in a summary judgment proceeding; instead, they review the evidence presented in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *NES Rental Holdings, Inc. v. Steine Cold Storage, Inc*., 714 F.3d 449, 452 (7th Cir. 2013). Summary judgment is only granted "if no reasonable trier of fact could find in favor of the non-moving party." *Hoppe v. Lewis Univ*., 692 F.3d 833, 838 (7th Cir. 2012) (internal quotes and citation omitted).

Parties briefing summary judgment motions in this District must also comply with Local Rule 56.1 and this Court is entitled to require strict compliance with its terms. *See Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015). Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts with "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts."

N.D.Ill.R. 56.1(a). Local Rule 56.1 statements must be limited to material facts that are "supported by specific references to the record" and "although the evidence supporting a factual contention need not be admissible itself, it must represent admissible evidence." *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000). "The moving party has the responsibility of asserting *all* facts relied upon in its opening statement of facts under Local Rule 56.1(a)." *Prudential Insurance, Co. of America v. Newman,* No. 17 C 8732, 2019 WL 4750014 at *2 (N.D.Ill. Sept. 30, 2019) (internal quotation marks omitted).

The party opposing summary judgment is then obligated to file "a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D.Ill R. 56.1(b)(3)(B)). A moving party's facts are deemed admitted for the purpose of a summary judgment motion "unless controverted by the statement of the opposing party." N.D.Ill.R. 56.1(b)(3)(C); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003).

In this case, Gandt has failed to respond to the Funds' statement of facts, thus, the facts within their Rule 56.1 statement – to the extent that they are properly supported – are deemed admitted for purposes of this motion. *See, e.g., Smith,* 321 F.3d at 683 (explaining that the Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission").

## II. FACTUAL RECORD

The Funds are multiemployer plans within the meaning of 29 U.S.C. §1002(3), and they receive contributions from numerous signatory employers pursuant to collective bargaining agreements entered into between the employers and the Chicago Regional Council of Carpenters.

(Dckt. #25-2 at 2). Gandt, an employer engaged in an industry affecting commerce, executed a memorandum of agreement by which it agreed to be bound by certain collective bargaining agreements ("CBAs") and by the Trust Agreements that are incorporated into the respective CBAs. (*Id.*). The terms of the CBAs require Gandt to pay fringe benefit contributions and remit union dues that it has checked off from the wages of each covered employee to the Funds in a timely manner, and to self-report on a monthly basis to the Funds the number of employees for whom it owes fringe benefit contributions and the total amount of union dues that it withheld. (*Id.*). Pursuant to the terms of the Trust Agreements, if Gandt became delinquent in making the contribution payments, it would be liable for unpaid contributions, liquidated damages, and attorney's fees and costs. (*Id.* at 3).

Gandt failed to remit timely payments of the contribution reports to the Funds as required by the CBAs and Trust Agreements for the period of September 2018 through April 2019, and it failed to make any contributions at all for the months of May 2019 through August 2019 (an unpaid amount totaling $197,557.93). (*Id.* at 3-4). Pursuant to the CBAs and the Trust Agreements, the Funds are entitled to liquidated damages at the rate of 1.5 percent of the total amount of delinquent and unpaid contributions compounded monthly. (*Id.* at 4). In addition, Gandt failed to remit to the Funds "$892.50 for union dues that were withheld from its employees' paychecks in August 2019." (*Id.* at 4).

## III. DISCUSSION

The Funds seek to recover $197,557.93 in unpaid contributions, $33,362.26 in liquidated damages, $5,615.36 in interest on the unpaid contributions, and $892.50 for dues that were withheld from union employees but not remitted for a total of $237,428.05. The Funds also seek to recover the attorney's fees and costs they incurred in bringing this lawsuit.

4

A.     **Unpaid Contributions**

Under ERISA,

> employer[s] who [are] obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. §1145.  Multiemployer plans such as the Funds are authorized to bring suit under §1145 to collect delinquent contributions.  *Line Constr. Benefit Fund v. Allied Elec. Contrs., Inc.*, 591 F.3d 576, 580 (7th Cir. 2010).  Congress has authorized these types of suits to ensure that "employers who enter into agreements providing for pension contributions not be permitted to repudiate their pension promises."  *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989); *Chicago Dist. Council of Carpenters Pension Fund v. Indus. Erectors*, Inc., 840 F.Supp. 1248, 1254 (N.D.Ill. 1993) (explaining that the purpose of §1132(g) is to provide plans with a greater ability to collect delinquent employer contributions).

ERISA further provides that courts must award the following remedies outlined in §1132 of the statute if a plan is successful in winning a judgment in its favor for a suit brought under §1145:

> (A) the unpaid contributions; (B) interest on unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions]; (D) reasonable attorney's fees and costs of the action; and (E) such other relief as the court deems appropriate.

29 U.S.C. §1132(g)(2); *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Am. Mech., Inc.*, No. 16 C 9165, 2019 WL 1077145, at *5 (N.D.Ill. 2019); *Indus. Erectors,* 840 F.Supp. at 1256.

It is undisputed that Gandt agreed to be bound by the terms of the CBAs and the respective Trust Agreements that required it to submit monthly contributions to the Funds and that Gandt failed to pay monthly contributions in the total amount of $197,557.93 based on its self-reporting contribution reports for the months of May 2019 through August 2019. Consequently, the Funds are entitled to judgment as a matter of law for the amount of $197,557.93 for the unpaid contributions. 29 U.S.C. §§1145, 1132(g)(2)(A).

**B.     Interest**

Under §1132(g)(2)(B) of ERISA, the Funds are entitled to an award of interest on the amount of unpaid contributions that are due and owing. 29 U.S.C. §1132(g)(2)(B); *Chicago Reg'l Council of Carpenters Pension Fund v. Bryn Mawr Flooring, Inc.,* 15 CV 9386, 2016 WL 110004, at *1-2 (N.D.Ill. Jan. 11, 2016). The undisputed evidence in the record shows that a total of $5,615.36 in interest has accrued on the unpaid contributions from May 2019 through August 2019. (Dckt. #25-2 at 4). Accordingly, the Funds are entitled to judgment as a matter of law for $5,615.36 in interest.

**C.     Liquidated Damages**

The Funds seek an award of liquidated damages in the amount of $23,945.48 on the unpaid contributions due between May 2019 and August 2019 and an additional $9,416.78 in liquidated damages for the contributions that were not paid in a timely manner between September 2018 and April 2019 for a total of $33,362.26. (Dckt. #25-2 at 4; Dckt. 25-5 at 6). The Funds are entitled to an award of liquidated damages on the unpaid contributions under §1132(g)(2)(C)(ii) of ERISA given that they have obtained a judgment in their favor for the unpaid contributions and the plans provide for liquidated damages. 29 U.S.C. §1132(g)(2)(C)(ii); *Indus. Erectors,* 840 F.Supp. at 1256; *Chicago District Council of*

6

*Carpenters Pension Fund v. Skender Construction Co., Inc.,* 22 F.Supp.2d 787, 795 (N.D.Ill. 1998). Accordingly, the Funds are entitled to judgment as a matter of law for $23,945.48 in liquidated damages on the unpaid contributions.

Although ERISA does not provide for an award of liquidated damages on contributions that were not paid in a timely manner but were paid in full before the Funds filed suit, ERISA does not preempt the Funds' contractual claim to recover such liquidated damages under the terms of their Trust Agreements. *See, e.g., Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.,* 258 F.3d 645, 654-55 (7th Cir. 2001); *Hancock v. Illinois Central Sweeping LLC,* 73 F.Supp.3d 932, 944-45 (N.D.Ill. 2014); *Bd. Of Trustees for the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enterprises, Inc.,* No. 10 CV 3581, 2011 WL 1004607, at *6 (N.D.Ill. Mar. 18, 2011); *Indus. Erectors,* 840 F.Supp. at 1256-57. Such contractual claims for liquidated damages are governed by federal common law. *Id.*

> A contractual provision allowing for liquidated damages must meet two requirements for enforceability. . . . First, the harm caused by a breach must be very difficult or impossible to estimate. . . Second, the amount fixed must be a reasonable forecast of just compensation for the harm caused. . . . The parties['] intentions determine whether the second requirement is satisfied. . . . They must make a good faith attempt to set an amount equivalent to the damages they anticipate.

*Indus. Erectors,* 840 F.Supp. at 1256-57 (citations omitted); *Rockford Pipe Trades,* 2011 WL 1004607, at *6. The Court finds "that the first prong of the test is met because the harm caused by delinquent contributions is very difficult to estimate. . . [and] is not limited to the loss of the use of the money" but also undoubtedly includes the "administrative costs of collection efforts." *Indus. Erectors,* 840 F.Supp. at 1257-58.

7

However, the record at this time contains insufficient evidence to enable the Court to determine whether the Funds can meet the second prong of the test. In particular, the second prong requires evidence that:

> '(1) the drafters [of the contract] gave some thought to the kinds of harm that the liquidated damages provision would embrace, (2) that other more direct provisions were not made for compensation for at least the bulk of the harms and intended to be so embraced, and (3) that it was not obvious, at the time of drafting that the figures or formulas selected should result, in a substantial percentage of the instances in which it might be triggered, in amounts of money flowing from defendants to plaintiffs that clearly would be larger than necessary to compensate for the kinds of harms [they] were likely to suffer.'

*Id.,* at 1258, *quoting Board of Trustees v. Udovch,* 771 F.Supp. 1044, 1048 (N.D.Cal. 1991); *Rockford Pipe Trades,* 2011 WL 1004607, at *6.

The only evidence presented by the Funds that arguably touches on these considerations is the statement by declarant Angelica Ambrose (who is the Audits & Collections Manager for the Funds) that "[i]t is the Trust Fund policy, as adopted by the Trustees, to assess liquidated damages for delinquent contributions." (Dckt. #25-5 at 3). This statement is insufficient to carry the Funds' burden. *See, e.g., Rockford Pipe Trades,* 2011 WL 1004607, at *6-7. Accordingly, "[a]s the Court cannot decide whether liquidated damages in the amount of 1.5% per month was a reasonable forecast of just compensation for the harm caused, the [Funds] are not entitled to summary judgment on the issue of contractual liquidated damages." *Indus. Erectors,* 840 F.Supp. at 1258. The Funds are ordered to file a status report on or before July 13, 2020 to state whether they intend to file a renewed motion for summary judgment on this portion of their claim or whether they intend to formally abandon it.

**D.     Union Dues**

The undisputed evidence shows that Gandt withheld dues in the amount of $892.50 from the paychecks of union employees in August 2019 but failed to remit those dues to the Funds.

The Funds seek to recover the amount of the withheld dues on the ground that they are wages as defined by the Illinois Wage Payment and Collection Act, 820 ILCS 115/2. The Court agrees, *see, e.g., Johnson v. Western Amusement Corp.,* 510 N.E.2d 991, 993-94 (Ill.App.Ct. 1987), and it grants judgment in favor of the Funds in the amount of $892.50 to compensate them for the union dues that were withheld by Gandt but not remitted.

### E. Attorney's Fees and Costs

The Funds seek to recover their attorney's fees and costs and they are entitled to do so under 29 U.S.C. §1132(g)(2)(D). *See, e.g., Rockford Pipe Trades,* 2011 WL 1004607, at *7. The Court will enter an order for the Funds' submission of their attorney's fees pursuant to Local Rule 54.3 once it enters a final judgment in this case.

### IV. CONCLUSION

For the reasons set forth above, the Court grants plaintiffs' motion for summary judgment in part and awards judgment to plaintiffs in the amount of $228,011.27. Plaintiffs' motion for summary judgment with respect to their claim to recover liquidated damages based on untimely contributions that were paid in full prior to the filing of this lawsuit is denied without prejudice. Plaintiffs are directed to file a status report with the Court on or before July 13, 2020 to indicate whether they intend on filing a renewed motion for summary judgment with respect to this aspect of their claim or whether they will formally abandon it.

ENTER:

                                              Hon. Jeffrey Cummings
                                              United States Magistrate Judge

DATE: June 24, 2020